IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA     :
                             :     CRIMINAL CASE
            v.               :
                             :     No. 1:21-CR-502 (LLM)(CMS)
KENNY WELLS                  :
_____:

JOINT MOTION FOR A PRE-PLEA PSR
AND JOINT MOTION TO CONTINUE TRIAL

Comes now the parties in the above-styled action, by and through counsel, and move this Court to continue the trial currently scheduled for September 12, 2022.  In support of this motion, the parties show as follows:

(1)

Mr. Wells is the lone defendant named in a three-count indictment charging him with being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g) (Count 1), attempting to board an airplane with a weapon in violation of 49 U.S.C § 46505(b)(1) (Count 2), and entering an airport area with a weapon in violation of 49 U.S.C. § 46314(a) (Count 3).

1

(2)

Based on conversations with his counsel, Mr. Wells has given notice of his intention to plead guilty to Counts 2 & 3 of the indictment and proceed to trial on Count 1.

(3)

This decision was based on the belief that Mr. Wells may be subject to a fifteen-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e), should he plead guilty to Count 1 of the indictment.

(4)

In continuing discussions between the parties, the government has pointed out facts heretofore unknown to the defense regarding two burglary predicates that might[1] invalidate two of the prior convictions the defense believed were predicates under the A.C.C.A.

(5)

In addition, while the government does not concede that Mr. Wells's marijuana distribution conviction will not qualify as a predicate under the A.C.C.A., the defense believes that a recent decision issued by the 11th Circuit, *United States v. Latson*, 2022 WL 3356390 (11th Cir. August 15, 2022), calls into

---

[1] The government does not concede at this time that both of those burglary convictions are invalid as predicates for the A.C.C.A. but agrees that further information should be obtained by means of a pre-plea PSR.

question the validity of a third conviction the defense believed would serve as an A.C.C.A. predicate. And the government notes, again without conceding whether Mr. Wells's marijuana conviction qualifies as an A.C.C.A. predicate, that *United States v. Jackson*, 36 F.4th 1294 (11th Cir. Jun. 10, 2022), is currently binding law in the Eleventh Circuit, and that decision calls into question Wells's marijuana conviction as an A.C.C.A. predicate.

(6)

In order for Mr. Wells to make an intelligent and informed decision on whether to go to trial or plead guilty to Count 1 of the indictment, the parties believe that a pre-plea PSR should be ordered after which Mr. Wells will know with certainty the consequences he is facing.

(7)

Should the Court agree and order a pre-plea PSR be completed, the probation department could not do so prior to the beginning of trial. Thus, a continuance would be necessary.

(8)

Mr. Wells herein also requests this Court order the probation department to prepare a pre-plea PSR which sets out the range of punishments Mr. Wells is facing.

WHEREFORE, this Court should issue an order directing the United States Probation Department to prepare a pre-plea PSR.  Further, in order for Probation to have adequate time to prepare the PSR, this Court should continue the trial currently scheduled for September 12, 2022, and should order that the time between the granting of this Motion and the start of the trial be excluded under the Speedy Trial Act, as the ends of justice in granting this Motion outweigh the interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A),

Dated, this the 1st day of September, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/Jeffrey L. Ertel* | */s/Paul R. Jones* |
| JEFFREY L. ERTEL | PAUL R. JONES |
| State Bar No. 249966 | State Bar No. 402617 |
| | Paul.Jones@usdoj.gov |
| Federal Defender Program, Inc. | |
| | */s/Mary Webb* |
| 101 Marietta Street, Suite 1500 | |
| Atlanta, GA 30303 | MARY WEBB |
| Atlanta, GA  30303 | State Bar No. 940420 |
| (404) 688-7530 | Mary.Webb@usdoj.gov |
| Jeff_ertel@fd.org | |
| | ASSISTANT U.S. ATTORNEYS |
| COUNSEL FOR MR. WELLS | |
| | 75 Ted Turner Drive, SW |
| | Suite 600 |
| | Atlanta, GA 30303 |
| | (404) 581-6000 |