# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:   1:21-cr-502-LMM-CMS |
| | USM Number:   80232-509 |
| KENNY WELLS | |
| a/k/a Merlin Smothers | <u>Jeffrey Lyn Ertel</u> |
| a/k/a Kevin Clark, Jr. | Defendant's Attorney |
| a/k/a David Wells | |

**THE DEFENDANT:**

The defendant pleaded guilty to count 1 of the Indictment.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | FELON IN POSSESSION OF FIREARM | November 20, 2021 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The remaining counts are dismissed pursuant to Standing Order 07-04.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

May 10, 2023
Date of Imposition of Judgment

*/s/ Leigh Martin May*
Signature of Judge

LEIGH MARTIN MAY, U. S. DISTRICT JUDGE
Name and Title of Judge

May 10, 2023
Date

DEFENDANT:   KENNY WELLS
CASE NUMBER:   1:21-cr-502-LMM-CMS                                                         Judgment -- Page **2** of **6**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED & TWENTY (120) MONTHS**.

The Court recommends that the defendant be incarcerated at USP Atlanta in order to be close to his family.

The Court further recommends that the defendant receive credit for his time served in Clayton County custody.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   KENNY WELLS
CASE NUMBER:  1:21-cr-502-LMM-CMS                                                                                          Judgment -- Page **3** of **6**

---

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   KENNY WELLS
CASE NUMBER:  1:21-cr-502-LMM-CMS                                                                      Judgment -- Page **4** of **6**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:   KENNY WELLS
CASE NUMBER:  1:21-cr-502-LMM-CMS                                                            Judgment -- Page **5** of **6**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not obstruct, attempt to obstruct, or tamper with any testing methods. You must pay all or part of the costs of testing based on your ability to pay unless excused by the probation officer.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

DEFENDANT:   KENNY WELLS  
CASE NUMBER:  1:21-cr-502-LMM-CMS                                                                                   Judgment -- Page **6** of **6**

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant shall pay to the United States a special assessment of $100, which shall be due immediately. The assessment should be made to Clerk, U.S. District Court, Northern District of Georgia.

      Special Assessment

TOTAL        $100.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

      Fine

TOTAL        $0